The Equitable Life Assurance Society of the United States, Plaintiff, *v.* Albert A. Volk and Others, Defendants.

Supreme Court, Special Term, New York County, October 17, 1938.

*Alexander & Green,* for the plaintiff.

*Stein & Salant,* for the defendants.

Pecora, J. This action is by the plaintiff, a life insurance company, to rescind the disability insurance provisions of a life insurance policy upon the life of defendant Volk. The ground of the action is false representation in the application. The motion is by defendant under rule 112 of the Rules of Civil Practice — the motion under rule 113 having been abandoned — to dismiss the complaint. In July, 1929, two policies were issued, one, a term policy for two years in the face amount of $100,000, the other, a permanent policy for the same amount, effective at the expiration of the term policy on July 15, 1931. In consideration of an additional premium, a disability clause was added, whereby the insured obtained a waiver of premiums in the event of total disability. Such claim was made in April, 1932, and the claim was approved and premiums paid to January 15, 1935. Thereafter plaintiff claims to have discovered false representations of defendant, and canceled and rescinded the disability part of the policy.

As the life provisions of the policy were then incontestable, except for non-payment of premiums, plaintiff demanded payment of the premiums waived for about three years. The action is brought for the judicial sanction of the cancellation of the disability provisions and the forfeiture of the entire policy for non-payment of the premiums previously waived.

There is no doubt that the plaintiff had a right to exclude the application of the incontestable clause to the disability provisions. The two-year term portion of the policy contained the following clauses as to incontestability:

" This policy shall be incontestable after one year from its date of issue."

" There are no restrictions under this policy, while in full force, * * * except those relating to disability as stated in the aforesaid permanent policy."

Page 2A of the contract, which applies jointly to the two policies, provides that " the provisions of said policy with respect to incontestability * * * shall not apply to this disability provision." That might mean that the one-year incontestability provision quoted is limited by the provision of page 2A as regards disability; it surely is not explicit enough for a layman. Moreover, on the last page of the permanent policy there is a stamped provision, " That this policy shall be incontestable as soon as the aforesaid two-year term policy shall be incontestable." That means that the permanent policy became incontestable after one year. The one-year incontestability clause is prominently featured. The exception as to disability is hidden in smaller type on page 2A. Finally, the rubber stamp as to incontestability when the two-year term policy is incontestable, adds to the general impression that after one year the insured need have no worry about his policy for any cause.

Any difficulty of interpretation has been created by the company's lack of clearness of expression, and failure to state the exception to the incontestability clause in the rubber stamp portion. Any ambiguities must be strictly construed against the insurer. Under the circumstances, there must be judgment for defendant on the pleadings, with costs.

Let defendant settle order for judgment on notice.